**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **DENNETTE PIONTEK and WALTER LOVEJOY,**<br><br>              Plaintiffs,<br><br>     v.<br><br>**CREDITORS SPECIALTY SERVICE, INC.,**<br><br>              Defendant. | **1:09-cv-02064-OWW-GSA**<br><br>**MEMORANDUM DECISION REGARDING PLAINTIFF'S MOTION FOR FINDING OF LIABILITY (Doc. 13)** |

## I. INTRODUCTION.

Plaintiffs Dennette Piontek and Walter Lovejoy ("Plaintiffs") proceed with an action pursuant to 15 U.S.C. § 1692 against Defendant Creditors Specialty Service, Inc., ("Defendant"). (Doc. 1).

Plaintiffs filed a motion for finding of liability against Defendant on June 25, 2010. (Doc. 13). Defendants filed opposition to Plaintiffs' motion on August 31, 2010. (Doc. 14). On September 1, 2010, Defendant filed a motion to vacate admissions. (Doc. 16).

## II. FACTUAL HISTORY.

The complaint alleges numerous violations of the Fair Debt Collection Practices Act ("FDCPA") arising out of communications

1

1 between Plaintiffs and Defendant in August, 2009.  According to the
2 complaint, Defendant threatened to garnish Dennette Piontek's wages
3 if she did not resolve an outstanding debt.  The complaint alleges
4 that at the time Defendant threatened to garnish Piontek's wages,
5 Defendant had niether the intent nor ability to garnish Plaintiff's
6 wages.

7 On April 20, 2010, Plaintiffs served Defendant with requests
8 fo admissions pursuant to Federal Rule of Civil Procedure 36.
9 Defendant failed to timely respond to Plaintiff's requests for
10 admission and failed to request an extension of time.  Plaintiff
11 filed the instant motion on June 25, 2010.  Defendant failed to
12 timely respond to Plaintiff's motion.

### III. <u>DISCUSSION</u>.

**A.   Plaintiff's Motion for Finding of Liability**

The Federal Rules of Civil Procedure do not provide for a "motion for finding of liability."  To the extent Plaintiffs are seeking summary adjudication on the issue of Defendant's liability, Plaintiffs' motion fails to comply with the requirements of Federal Rule of Civil Procedure 56.  *See* Fed. R. Civ. P. 56.  To the extent Plaintiffs are seeking a terminating sanction pursuant to Federal Rule of Civil Procedure 37, such an extreme sanction would not be just under the circumstances.  See Fed. R. Civ. P. 37(b)(2) (the court...may issue further *just* orders) (emphasis added).

Terminating sanctions are justified only where the party's noncompliance with discovery rules "was due to willfulness, fault, or bad faith."  *E.g. Computer Task Group, Inc. v. Brotby*, 364 F.3d 1112, 1115 (9th Cir. 2004).  The Ninth Circuit has established a five-part test to determine whether a case-dispositive sanction

under Rule 37(b)(2) is just:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." The sub-parts of the fifth factor are whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions.

*See Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007). The five-factor test set forth in *Conn. Gen. Life Ins*. is not mechanical, rather, it "provides the district court with a way to think about what to do." *Id*. In deciding whether to impose case-dispositive sanctions, the most critical factor is not merely delay or docket management concerns, but truth. *Id*. at 1097. Terminating sanctions are appropriate where whether "a party's discovery violations make it impossible for a court to be confident that the parties will ever have access to the true facts." *Id*.

Defendant's opposition reveals that its failure to respond to Plaintiff's requests for admissions and failure to timely respond to Plaintiff's motion were the result of the negligence of Defendant's counsel, not Defendant's bad faith. Under the circumstances, the public policy of deciding cases on their merits and the availability of less drastic sanctions outweigh the public's general interest in expeditious resolution of litigation, the court's need to manage its docket, and any prejudice suffered by Plaintiffs.[1] Defendant's counsel correctly notes that a

---

[1] Plaintiffs have not alleged that they have suffered any prejudice.

3

monetary sanction in an amount sufficient to compensate Plaintiffs' counsel for filing the instant motion is an appropriate remedy for Defendant's untimely responses to Plaintiff's request for admission. Plaintiffs' motion for a terminating sanction is DENIED.

**B. Defendant's Motion for Relief Under Rule 36(b)**

Federal Rule of Civil Procedure 36 requires a party to respond to requests for admission within thirty days after service of the requests. Fed. R. Civ. P. 36(a)(3). Where a party fails to timely respond to requests for admissions, the matters are deemed admitted. *Id*. Defendant concedes that it did not timely respond to Plaintiffs' request for admissions, however, Defendant seeks relief pursuant to Rule 36(b). Rule 36(b) provides:

> A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits.

Fed. R. Civ. P. 36(b).

Trial in this matter is scheduled for February 2011. (Doc. 12). Notwithstanding Defendant's untimeliness, Plaintiffs have now received responses to their discovery requests and still have approximately five months to prepare for trial. Plaintiffs fail to articulate any reason why they would be prejudiced by Defendant obtaining relief under Rule 36(b). Presentation of the merits of the action requires that Defendant be granted relief under Rule 36(b).

///

**ORDER**

For the reasons stated, IT IS ORDERED:

1) Plaintiffs' motion for a finding of liability is DENIED;

2) Defendant's motion to vacate admissions pursuant to Fed. R. Civ. P. 36(b) is GRANTED;

3) Defendant shall compensate Plaintiffs' counsel for the reasonable expenses necessarily incurred in connection with the instant motion;

4) Defendant shall provide responses to all outstanding discovery; and

5) Plaintiffs shall file a formal a form of order consistent with this memorandum decision within five (5) days of service of this decision.

IT IS SO ORDERED.

**Dated:   September 27, 2010**              /s/ Oliver W. Wanger
                                             UNITED STATES DISTRICT JUDGE